UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SPORTSWEAR COMPANY – S.p.A,<br><br>          Plaintiff,<br><br>     v.<br><br>abci, et al.,<br><br>          Defendants. | CIVIL ACTION NO.<br>1:22-CV-2119-JPB |

## **ORDER GRANTING PLAINTIFF'S MOTION**
## **FOR DEFAULT JUDGMENT**

This cause is before the Court on Plaintiff's Motion for Default Judgment and Permanent Injunctive Relief [Doc. 26] pursuant to Federal Rule of Civil Procedure 55(b) against Defendants, the individuals, partnerships and unincorporated associations identified on Exhibit A ("Defaulting Defendants"). Defaulting Defendants use counterfeit and/or infringing copies of Plaintiff's federally registered trademarks on or in connection with the manufacture, marketing, advertising and/or sale of unauthorized goods through various e-commerce marketplaces.  The Clerk previously entered default against Defaulting Defendants for their failure to appear, answer or otherwise defend.

Plaintiff now requests the Court:  (1) enter a final default judgment against Defaulting Defendants; (2) permanently enjoin Defaulting Defendants from

manufacturing, marketing, advertising and/or selling non-genuine goods bearing counterfeit and/or infringing copies of Plaintiff's registered trademarks and from using Plaintiff's trademarks in advertising any non-genuine goods; (3) award statutory damages for use of counterfeit marks; (4) issue a post-judgment asset freeze order; and (5) authorize the release and transfer of Defaulting Defendants' previously frozen assets, as well as any assets subsequently frozen pursuant to the post-judgment asset freeze order, to satisfy damages awarded to Plaintiff.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 55(b)(2), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. "A 'defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact . . . .'" Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc., 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)). Default judgment is appropriate where the well-pleaded allegations of fact in a complaint are sufficient to state a claim for relief. United States v. Kahn, 164 F. App'x 855, 858 (11th Cir. 2006). However, a defendant is not held to admit conclusions of law. United States v. Ruetz, 334 F. App'x 294, 295 (11th Cir. 2009).

# ANALYSIS

## I. Plaintiff Has Established that Defaulting Defendants Infringed its Registered Trademarks

Pursuant to Section 32(1) of the Lanham Act, any person who, without the consent of the registrant,

> use[s] in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or service on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive[,]

is liable to the registrant for the remedies set forth in the Act.  15 U.S.C. § 1114(1). "To establish a prima facie case in an ordinary trademark infringement suit, a claimant need only demonstrate that:  (1) it enjoys enforceable rights in a mark, and (2) the alleged infringer adopted a mark that is the same or confusingly similar." SunAmerica Corp. v. Sun Life Assurance Co. of Can., 77 F.3d 1325, 1334 (11th Cir. 1996).  Ownership of a mark on the principal register is

> prima facie evidence of the validity of the registered mark and of the registration of the mark, of the registrant's ownership of the mark, and of the registrant's exclusive right to use the registered mark in commerce on or in connection with the goods or services specified in the registration.

15 U.S.C. § 1115(a).

Plaintiff has alleged the following in its well-pleaded Complaint:

First, Plaintiff owns numerous federally registered trademarks that reside on the Principal Registry, including, but not limited to, the following ("Plaintiff's Marks"):

| Mark | U.S. Federal Reg. Nos. |
| --- | --- |
| STONE ISLAND | 2706733 |
| (four-point star logo) | 4500017 |
| (Stone Island compass rose label) | 1370214 |
| STONE ISLAND (with star) | 3707866 |
| | 3496280 |
| (Stone Island compass rose label on black) | 3520867 |
| (Stone Island label with two compass roses) | 5706359 |

| Mark | U.S. Federal Reg. Nos. |
|---|---|
|  | 5958392 |

[Doc. 1-2, pp. 2–14].  Second, Defaulting Defendants have used counterfeits and/or infringing copy of one or more of Plaintiff's Marks on or in connection with the manufacturing, marketing and/or sale of non-genuine goods ("Counterfeit Products") in such a manner that is likely to cause consumer confusion.  [Doc. 1, p. 10].  Third, Defaulting Defendants' infringement was willful.  Id. at 10–11.

    Therefore, Plaintiff has pleaded facts sufficient to establish:  (1) its ownership of valid federally registered marks; (2) that Defaulting Defendants have used counterfeit copies and/or infringing copies of one or more of Plaintiff's Marks in the manufacturing, marketing, and/or sale of non-genuine goods in a manner that is likely to cause consumer confusion in violation of the Lanham Act; and (3) Defaulting Defendants' willfulness in a manner that is sufficient to state a claim for relief.  Plaintiff also submitted evidence of Defaulting Defendants' infringement with its Motion for Temporary Restraining Order.  Therefore, Plaintiff is entitled to

default judgment against Defaulting Defendants on its claims for trademark infringement.

## II.   Remedies

### A.   Permanent Injunction

A district court is authorized to issue a permanent injunction on terms the court deems reasonable to prevent infringement of both copyrights and trademarks. 15 U.S.C. § 1116(a); 17 U.S.C. § 502(a).  Additionally, a court may issue a permanent injunction against a defaulting defendant.  See PetMed Express, Inc. v. MedPets.com, Inc., 336 F. Supp. 2d 1213, 1222–23 (S.D. Fla. 2004).  Because Defendants have not responded or otherwise appeared, it is difficult for Plaintiff to prevent further infringement absent an injunction.  See Jackson v. Sturkie, 255 F. Supp. 2d 1096, 1103 (N.D. Cal. 2003) ("[D]efendant's lack of participation in this litigation has given the court no assurance that defendant's infringing activity will cease.  Therefore, plaintiff is entitled to permanent injunctive relief.").

Permanent injunctive relief is appropriate where a plaintiff demonstrates: (1) it has suffered irreparable injury; (2) there is no adequate remedy at law; (3) the balance of hardship favors an equitable remedy; and (4) an issuance of an injunction is in the public interest.  Angel Flight of Ga., Inc. v. Angel Flight of

Am., Inc., 522 F.3d 1200, 1208 (11th Cir. 2008). Plaintiff carried its burden on each of these four factors. Defaulting Defendants' continued marketing and sales of counterfeit products would erode the value of Plaintiff's registered trademarks and damage Plaintiff's reputation. Levi Strauss & Co. v. Sunrise Int'l Trading Inc., 51 F.3d 982, 986 (11th Cir. 1995) ("There is no doubt that the continued sale of thousands of pairs of counterfeit jeans would damage [the plaintiff's] business reputation and decrease its legitimate sales. This court has previously stated that such trademark infringement 'by its nature causes irreparable harm.'" (quoting Tally-Ho, Inc. v. Coast Cmty. Coll. Dist., 889 F.2d 1018, 1029 (11th Cir. 1989))).

Plaintiff has no adequate remedy at law so long as Defaulting Defendants continue to sell counterfeit products because Plaintiff cannot control the quality of the counterfeit products being manufactured and sold. Similarly, an award of money damages alone will not cure the injury to Plaintiff's reputation and goodwill that will result if Defaulting Defendants' infringing and counterfeiting actions are allowed to continue. Moreover, Plaintiff faces severe hardship from its substantial loss of sales and its inability to control its reputation in the marketplace. By contrast, Defaulting Defendants face no hardship if they are prohibited from selling unauthorized copies of Plaintiff's products or prohibited from selling infringing

products bearing a counterfeit copy of one of Plaintiff's registered trademarks. Finally, the public interest supports issuance of a permanent injunction against Defaulting Defendants to prevent consumers from being misled by Defaulting Defendants' products.  See Nike, Inc. v. Leslie, No. 85-960 Civ-T-15, 1985 WL 5251, at *1 (M.D. Fla. June 24, 1985) ("[A]n injunction to enjoin infringing behavior serves the public interest in protecting consumers from such behavior.").

### B.     Statutory Damages for Use of a Counterfeit Mark

The Lanham Act provides that, in a case involving use of a counterfeit mark,

> the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits . . . an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of . . . not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c).  A counterfeit mark "is a spurious mark which is identical with, or substantially indistinguishable from," a mark that is registered on the Principal Register.  Id. § 1127.  In cases where a court finds that the use of the counterfeit mark was willful, the maximum available statutory damages increase to "not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just."  Id. § 1117(c)(2).

Plaintiff requests that the Court award statutory damages against Defaulting Defendants in the amount of $5,000 each and further requests that the Court treble this award to $15,000 per Defaulting Defendant in light of the demonstrated intentional and willful infringement. [Doc. 26-1, pp. 2, 12]. The Court agrees that this amount is sufficient to compensate Plaintiff for its lost sales, disgorge Defaulting Defendants' ill-gotten gains and deter Defaulting Defendants from future infringing conduct.

### III. Plaintiff is Entitled to Continue the Asset Freeze and to Receive the Frozen Funds in Partial Satisfaction of the Judgment

Plaintiff has requested that the Court extend the asset freeze, initially granted in the Temporary Restraining Order and Preliminary Injunction. Rule 64 provides that "[a]t the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment." Fed. R. Civ. P. 64(a). The remedies available under Rule 64 include attachment and garnishment. Fed. R. Civ. P. 64(b). This Court initially ordered that Defaulting Defendants' assets be frozen to preserve assets that might be used to satisfy a final judgment. [Doc. 11]. The Court may extend the asset freeze order beyond the entry of the final judgment because the risk that Defaulting Defendants might

9

transfer or hide their assets is not lessened by entry of a judgment. Tiffany (NJ) LLC v. Forbse, No. 11 Civ. 4976, 2015 WL 5638060, at *4 (S.D.N.Y. Sept. 22, 2015) ("The asset restraint should remain in place in order to prevent the very harm initially contemplated by the preliminary injunction . . . ."). Other courts have allowed asset freeze orders to remain in place following a judgment and have ordered the transfer of frozen assets in full or partial satisfaction of a judgment. Axiom Worldwide, Inc. v. HTRD Grp. Hong Kong Ltd., No. 8:11-CV-1468-T-33, 2015 WL 9673589, at *3 (M.D. Fla. Dec. 8, 2015), R. & R. adopted, 2016 WL 81377 (M.D. Fla. Jan. 7, 2016); Spin Master Ltd. v. Alan Yuan's Store, 325 F. Supp. 3d 413, 427–28 (S.D.N.Y. 2018). This Court agrees and orders that the original asset freeze remain in place. This Court further orders that any financial institution, e-commerce marketplace or other third-party custodian that receives notice of this Order conduct an additional freeze of any assets in Defaulting Defendants' accounts and maintain the initially and subsequently frozen assets until Plaintiff can enforce and satisfy the judgment. Finally, the Court orders that all frozen assets held by any financial institution, e-commerce marketplace or other third-party custodian be released to the Plaintiff in full or partial satisfaction of the final judgment.

## CONCLUSION

For the foregoing reasons, this Court holds that Plaintiff is entitled to the entry of final default judgment. This Court **GRANTS** Plaintiff's Motion for Default Judgment and Permanent Injunctive Relief [Doc. 26].

Final judgment and permanent injunction shall be entered by a separate order.

**SO ORDERED** this 17th day of November, 2022.

_____
J. P. BOULEE
United States District Judge

# EXHIBIT A

# LIST OF DEFAULTING DEFENDANTS

| | |
|---|---|
| abci | fuzetech |
| abcq | fzcfoxhunter |
| abez | fzcta0 |
| airik | fzcta3 |
| aiyueele01 | fzctc3 |
| aiyueele07 | fzctc8 |
| aiyueele08 | fzctc88 |
| beautgirl | fzctd2 |
| benana | fzctd6 |
| boyun2021 | fzcti2 |
| c1yyy | fzcti6 |
| carters1 | fzctj5 |
| chengfugood | fzctk0 |
| clothingsuppliera | fzctm3 |
| cmqwo287pc | fzctn3 |
| cngarden | fzctq33 |
| cosmos_fz | fzctr1 |
| cycinternational | fzctr01 |
| cycvaporstore | fzctu2 |
| daruila | fzl0307 |
| denise01 | gicux429cb |
| dhbags1988 | gld6606 |
| dhmerchs | goodfu |
| dhnetwen | goodluckids |
| diamondring | goose_vip01 |
| dm619 | grose |
| elsagirl | haiyigood |
| fali2 | haomingrui |
| fashioncity02 | helay2021 |
| fb0312 | hfc918 |
| foreveryuisdfg | hiboys |
| fuchengtech | high_end01 |

| | |
|---|---|
| highsellers | quddv2317gx |
| hkfuzecheng02 | quzhipeng001 |
| hkfuzecheng03 | ruijia2021 |
| hkfuzecheng04 | sanlingge |
| honglongele02 | shenzhen2058 |
| hxy1979 | skystate |
| illusory001 | slippers588 |
| instock_9999 | sly1216 |
| jamie001 | sqcsj9767kk |
| jessup | stone_island_coat |
| jianyitech | stoneislandmoncler |
| jieacc2022 | stussyboy |
| jinruiele | syctradinginc |
| keneo | tongda2018 |
| ksw124 | top_puffplus |
| like2018 | Topstoney |
| ling589 | toptruman |
| ljp308 | tyk621 |
| lqy802 | uuugx1180aa |
| luluclothing | vander |
| lurang | w1964812 |
| lxl1124 | wang19911001 |
| lxx100 | wangliang001 |
| lz_brand_clothing | weilan2021 |
| madvapers | weyou |
| mavns503zn | wfq001 |
| mike22118 | wodeu7iop |
| mlq006 | wuwensong05 |
| Monclair Jacket | wzh733 |
| no1_cartongate | xinfu2021 |
| ogcct97tt | xinhaodeng |
| onestopwholesale | xlgzr9375bs |
| parislove2020 | xq001 |
| podstores | yg923 |
| popular01clothing | yhq01 |
| qd688 | yifantech2021 |

yihai2021
youyib2
youyig2
youyig4
youyih6
youyip0
youyiq3
youyis1
youyis7
youyiv3
yuanyiweisio
yuekai
yume77
zjj888
zucrk5563tt
zxj001
zy00001